Milford FREDERICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 53863.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 9, 1988.

Henry Paul Fox Jr., Union, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant, Milford Frederick, appeals from the dismissal of his Rule 27.26 motion with-

out an evidentiary hearing. We reverse in part and remand.

In 1984 appellant was convicted of first degree sexual abuse, attempt to commit sodomy, and sodomy, and sentenced to consecutive terms of one year, two years, and six years imprisonment. We affirmed the conviction by per curiam order in *State v. Frederick*, 692 S.W.2d 840 (Mo.App.1985). On October 15, 1986, appellant filed a pro se motion pursuant to Rule 27.26 alleging six grounds for relief. On appeal appellant asserts error only as to Claims V and VI. In Claim V, appellant contends that his trial counsel was ineffective because he failed to interview or call Otto Frederick, Dorothy Frederick, Clara Hyde, or Jim Reynolds as reputation witnesses. Appellant contends that these individuals would have testified that appellant "enjoyed the highest reputation for honesty, integrity, and morality in the community." Claim VI alleges that trial counsel rendered ineffective assistance by failing to call Dr. James Shaw who examined the victim and found no evidence of sexual abuse. Counsel was appointed to represent movant in the Rule 27.26 proceedings, but failed to file an amended motion.

On October 5, 1987, the court dismissed appellant's motion without an evidentiary hearing. The motion court found: (1) as to the introduction of reputation testimony, the evidence movant hoped to elicit in Claim V "would have been objectionable," and (2) "the evidence [as to Dr. Shaw] in Claim VI of paragraph eight, [would] be nonexistent." Appellant contends that the motion court's findings are clearly erroneous. He argues that the court erred by denying Claims V an VI of his motion without an evidentiary hearing.

 Evidence of good reputation as to traits of character inherent in the crime charged is relevant to show the improbability of defendant committing the crime and as substantive proof of innocence. *State v. Demaree*, 362 S.W.2d 500, 506 (Mo. banc 1962); *State v. Allen*, 641 S.W.2d 471 (Mo. App.1982). We cannot find as a matter of law that the proposed reputation witnesses' testimony was inadmissible. Moreover, the

record does not support the motion court's finding that the evidence regarding Dr. Shaw is nonexistent. The pleadings, transcript, and record neither support nor refute appellant's claims. The motion court's findings were clearly erroneous. *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App. 1986).

That conclusion, that the reason stated by the motion court for dismissal of Claims V and VI of the motion are clearly erroneous, does not end our inquiry. Even if the basis for the trial court's denial of relief was not correct, we must affirm the judgment if sustainable on other grounds. *Bannister v. State*, 726 S.W.2d 821, 825 (Mo.App.1987) cert. denied — U.S. —, 107 S.Ct. 3242, 97 L.Ed.2d 747; *Shepherd v. State*, 612 S.W.2d 384, 385 (Mo.App. 1981).

█ In reviewing a claim of ineffective assistance of counsel, even though counsel's performance may have been deficient, the court is required to deny post-conviction relief to a Rule 27.26 movant unless he has also sustained the burden of proving that he was prejudiced thereby. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Therefore, even though for the purpose of reviewing the dismissal of appellant's motion we assume all the pleaded facts to be true, we must also consider the question of prejudice. This consideration entails a determination "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed. 2d 674, 698 (1984).

█ The evidence of appellant's guilt was overwhelming. Not only did the victim, appellant's adopted daughter, testify in detail to the three instances of sexual abuse, but the State produced evidence of admissions made by appellant on separate occasions to his wife, to his pastor and to his brothers and sisters. On cross-examination, the pastor testified that appellant was a member of the church, a tither, a Sunday school superintendent, and an assistant preacher. Viewed in the light of this record, the failure to investigate and call witnesses to testify to appellant's good character and reputation falls far short of undermining confidence in the verdict and showing a reasonable probability of a different result had such evidence been produced.

Appellant's other claim of ineffective assistance alleges trial counsel's failure to investigate and call Dr. James Shaw, "who examined the prosecutrix and found her to be unscathed, with no signs of sexual molestation, sodomy, or sexual intercourse." The motion judge found such evidence "would be nonexistent." After a painstaking review of the trial transcript and legal file as well as the motion file, we are unable to find either support for or refutation of this finding. Other than the allegation in the pro se motion, Dr. Shaw's name appears only in the State's motion to dismiss the Rule 27.26 motion on the unproven ground that the failure to call Dr. Shaw to testify was "trial strategy." With the record in this condition we are unable to uphold the finding of the motion court that such evidence of a medical examination "would be nonexistent."

The state makes no effort before us to justify this finding of the motion court, but urges us to sustain the dismissal of the pro se motion because of the inadequacy of the allegations. We note that appointed counsel did not file any amendment to the pro se motion in order to cure any deficiencies in the pleading. Rule 27.26(h); *McAlester v. State*, 658 S.W.2d 90, 192 (Mo.App.1983). The court heard oral argument on the motion to dismiss and, without requiring any amendment to the pleading, took the motion to dismiss under submission. The motion judge did not base his dismissal upon any pleading deficiency, but instead addressed what he saw to be the merits of each pleaded issue. Although the allegations of the motion were not stated in "lawyer-like fashion" and could have been made more specific, they were understandable. *See Duggar v. State*, 697 S.W.2d 309, 310 (Mo.App.1985). Under the circumstances,

we decline the invitation to decide this appeal upon purely procedural grounds not considered by the trial court.

In reviewing the propriety of the sustaining of a motion to dismiss for failure to state a claim upon which relief may be granted, we are required to assume every pleaded fact as true and to give the pleader the benefit of every favorable inference which may be reasonably drawn therefrom. *Schutte v. Sitton,* 729 S.W.2d 208, 209 (Mo.App.1987). Viewed in the light of this standard we cannot conclude that no prejudice resulted from the failure of appellant's trial counsel to produce testimony that a medical examination of the victim disclosed no evidence of sexual abuse. The evidence at trial showed that after the third incident the victim experienced some vaginal bleeding. It is possible that the medical testimony appellant alleges should have been presented may have refuted this evidence, or cast sufficient doubt upon the victim's testimony to have altered the result. The allegation is sufficient to warrant an evidentiary hearing.

Accordingly, we are constrained to remand this case for further proceedings with regard to Claim VI of the pro se motion. In so ruling we do not imply any opinion regarding the merits of the issue. Our decision is based solely upon the absence from the record of any discernible basis which might support or tend to explain the conclusion reached by the motion judge.

The order of dismissal is affirmed as to Counts I through V of appellant's motion. The dismissal of Count VI is reversed and the cause remanded for further proceedings on that Count.

SATZ and SIMEONE, JJ., concur.