STATE of Missouri, Respondent,

v.

Adam E. YOUNG, Appellant.

Adam E. YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45788, WD 48054.

Missouri Court of Appeals,
Western District.

July 12, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

KENNEDY, Judge.

Adam E. Young appeals from a conviction of one count of robbery in the first degree, section 569.020, RSMo 1986,[1] two counts of armed criminal action, section 571.015, one count of unlawful use of a weapon, section 571.030, and one count of assault in the first degree, section 565.050. Appellant was sentenced as a prior and persistent offender to concurrent sentences of one term of twenty-five years, three terms of five years, and one term of fifteen years.

Appellant also appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing.

The facts are as follows:

On the night of February 20, 1991, sometime after 11 o'clock, a black male in his 20's (later identified as defendant) attacked Carla Rawlings as she entered her house, robbed her of her purse and its contents, and fled. Carla's two brothers pursued the robber and recovered the purse, but he escaped from them. Beginning about 1:45 a.m. the same night, between visits to the house by the police, the same person returned three times, firing several shots into the house each time. The occupants fled the house—Carla and her mother after the first return, one brother after the second, and the other brother after the third.

Two weeks later, one of Carla's brothers saw defendant on the street, and recognized him as the robber. He notified the police, who arrested defendant.

Defendant did not testify, but he presented two alibi witnesses. One witness testified that defendant was with her at her sister's house from approximately 9 o'clock on the evening of February 19 until 6 o'clock the next morning. The sister corroborated the witness's testimony.

■ When one of the arresting officers was testifying about defendant's arrest, he said: "[The other arresting officer] informed me that this individual was apparently a suspect in regards to several offenses which had been...." Defendant objected, on the ground that testimony about defendant's other crimes was in violation of an in limine ruling by the court. In a side-bar conference, the court denied defendant's request for a mistrial, but told the prosecutor to instruct the witness "how to testify in this

---

1. All statutory references are to RSMo 1986, unless otherwise cited.

case." Then the court explained to the jury: "Ladies and Gentlemen, we have a need to have the witness instructed on proper procedure in testifying in court." The court's explanation to the jury, defendant says, highlighted the officer's reference to defendant's other crimes and aggravated the effect of the testimony.

The court offered to instruct the jury to disregard the officer's last statement, but defendant declined this offer. On appeal, he claims it was reversible error for the court to deny a mistrial.

■ We find no error on the court's part, clearly none that would call for reversal. The declaration of a mistrial is a drastic remedy to be exercised only in "extraordinary circumstances." *State v. Feltrop,* 803 S.W.2d 1, 9 (Mo. banc), *cert. denied,* 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). The "several offenses" referred to by the witness need not have been understood by the jury as referring to any other offenses than those which occurred on the night in question, all of which were in evidence. The trial court was in a position to observe the effect of the testimony complained of, and we defer to its assessment. *Feltrop,* 803 S.W.2d at 9. The trial court's denial of defendant's motion for a mistrial was not prejudicial error. See *State v. Roberts,* 779 S.W.2d 576, 579 (Mo. banc 1989); *State v. Thurlo,* 830 S.W.2d 891, 893 (Mo.App.1992).

Defendant complains of the court's reasonable doubt instruction, which was MAI–CR3d 302.04. This instruction is regularly attacked in appeals of criminal convictions, and is as regularly sustained. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993), *reaff'g, State v. Antwine,* 743 S.W.2d 51, 63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Waller,* 816 S.W.2d 212, 218 (Mo. banc 1991); *State v. Wacaser,* 794 S.W.2d 190, 195 (Mo. banc 1990).

The judgment of conviction on all counts is affirmed.

We turn now to defendant's Rule 29.15 motion, which the court denied without an evidentiary hearing.

Defendant carries forward in his brief allegations of his Rule 29.15 motion that he received ineffective assistance of counsel in three ways—first, that his counsel failed to allow him to testify; second, that counsel failed to investigate and search for exculpatory evidence; and third, that he did not preserve an objection to the use by the State, to show defendant's persistent offender status, of a criminal conviction when defendant was 16 years old. `In briefing these three, he abandons all the other allegations of his motion. *Delaporte v. Robey Bldg. Supply Inc.,* 812 S.W.2d 526, 535 (Mo.App.1991); *Boyer v. Grandview Manor Care Center, Inc.,* 793 S.W.2d 346, 347 (Mo.1990). We take up the three in order:

■ We conclude the court should have conducted an evidentiary hearing on the allegation in the motion that defendant's counsel failed to allow him to testify in his own behalf. The record does not conclusively show defendant voluntarily and knowingly waived his right to testify. Defendant's right to testify in his own behalf is a fundamental constitutional right, waivable only by himself. *Rock v. Arkansas,* 483 U.S. 44, 49, 107 S.Ct. 2704, 2707–08, 97 L.Ed.2d 37 (1987); *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983); *State v. Blewett,* 853 S.W.2d 455, 460 (Mo.App.1993). The trial court, in denying the Rule 29.15 motion, noted that defendant had a long "rap sheet," would not have been believed, and his failure to testify did not affect the outcome of the case. When the issue is defendant's knowing and voluntary waiver of the right to testify, however, the trial judge's opinion is not relevant that defendant would not have been believed if he had testified. See *Blewett,* 853 S.W.2d at 461.

Defendant's counsel, during a colloquy with the court and opposing counsel about the effect of the police officer's reference to defendant's being wanted for "several offenses," said: "I think it's important that the court consider the fact that in this case the defendant has decided, upon the advice of counsel presumably, not to testify...." There is nothing else in the record about defendant's decision not to testify. This is not sufficient to "conclusively show" that he

voluntarily and knowingly elected not to testify. Rule 29.15(g). Compare *Khoshaba v. State,* 878 S.W.2d 472, 475, (Mo.App.1994), where defendant's counsel advised defendant not to testify, but left the decision to defendant, and where defendant acknowledged that he understood the choice was his whether to testify or not.

In *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993), a defendant was held not to be entitled to an evidentiary hearing on his Rule 29.15 motion, because he did not state in his motion what he would have testified to. In this case, however, unlike *Starks,* defendant's testimony is fairly inferable from the record and from other allegations of his Rule 29.15 motion. He would have testified that it was not he who had committed the crimes with which he was charged; that he had a closely trimmed beard at the time of the offense, and, if he had had a full beard, as the eyewitnesses had testified, it would have been white; and that during the time the crimes were committed, he was engaged in a protracted telephone conversation with Christen Booth.

With reference to the 1966 conviction alleged to have been when defendant was a juvenile used to show defendant's repeat offender status: Defendant says he was born in 1950, but there is an indication in the record he was born in 1948. If he was born in 1950, his 1966 car theft should have been prosecuted in the juvenile court, unless the juvenile court had certified defendant for prosecution under general law as an adult. Sections 211.030 and 211.070, RSMo 1959.[2] If defendant was in fact 16 years old at the time, and he was erroneously prosecuted under the general law, still the conviction may be used to establish defendant's persistent offender status. See *State v. Reid,* 391 S.W.2d 200, 205–06 (Mo.1965), citing *State v. Flores,* 332 Mo. 74, 55 S.W.2d 953, 955 (1932). Furthermore, it is entirely possible that the juvenile court certified defendant, if he was in fact a juvenile, to be tried under the general law as an adult. The 1966 judgment of conviction, which was introduced by the State and which the trial court had before it, was fair on its face. We may not assume

that jurisdictional foundations were lacking. *Reid,* 391 S.W.2d at 206.

Defendant claims his counsel was ineffective in their failure to have certain scientific tests made that could have exculpated defendant. Defendant does not allege what such tests would have shown, or that they would have likely produced a different result in the trial, or what would have indicated to counsel that such an investigation held the promise of exculpation for defendant. This is not the kind of allegation of counsel ineffectiveness which requires an evidentiary hearing. The rule requires the statement of *facts* which show defendant's entitlement to relief. Rule 29.15(e). Speculation that a certain course of inquiry might have turned up useful evidence is not sufficient.

Defendant then says counsel should have investigated, and proved, that during February of 1991 his beard was closely trimmed, not full, as the witnesses described the robber's beard—and that his beard would have been noticeably white if it had been full. His argument is that the incongruous whiteness would have been remarked by the witnesses. Defendant names no witness who could have testified to this, much less that he had told his counsel about the white beard or the witness. It is unlikely that such testimony, if available, would have altered the outcome of the trial. The court was right in rejecting this allegation of counsel ineffectiveness.

The judgment denying the Rule 29.15 motion is reversed, and the cause is remanded for an evidentiary hearing on the issue of counsel ineffectiveness in failing to allow defendant to testify.

All concur.

---

2. Now found at sections 211.031 and 211.071, RSMo Cum.Supp.1993.