**STATE of Missouri, Respondent,**

v.

**Keyran SWIMS, Appellant.**

**Keyran SWIMS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66790, 72623.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1998.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Keyran Swims, appeals from the judgment entered after a jury convicted

him of two counts of sodomy and one count of assault in the third degree. Defendant also appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. We affirm in part, reverse in part and remand.

We review the evidence in the light most favorable to the verdict. Defendant and D.J. began dating in the summer of 1992 and discontinued their relationship in February 1993. On the morning of March 8, 1993, defendant called D.J. and asked if her daughter could bring him his power drill on the way to school. The daughter, then age ten, went to defendant's apartment to deliver the drill. While in the apartment, the daughter was the victim of defendant's acts that constituted the bases for his two sodomy convictions. After the acts, the daughter left defendant's apartment and ran to school. The daughter was crying "uncontrollably" when she arrived at school. A school counselor then called D.J. and the police. The daughter told a detective about the incident.

On August 15, 1993, D.J. was attending a party. Defendant appeared at the party. He hit and kicked D.J. and she suffered injuries as a result of the assault.

Defendant was convicted of two counts of sodomy and one count of assault in the third degree. The court sentenced defendant as a class X offender to consecutive terms of imprisonment of life for each of the sodomy convictions and one year for the assault conviction. Defendant filed a pro se and thereafter an amended Rule 29.15 motion for post-conviction relief. The court denied the amended motion without an evidentiary hearing. Defendant appeals from the judgments entered for his convictions and denying his Rule 29.15 motion.

We first address defendant's arguments in his second point that the court erred in denying his Rule 29.15 motion without an evidentiary hearing because his trial counsel rendered ineffective assistance.

■ Our review is limited to determining whether the court's findings of fact and con-

clusions of law are clearly erroneous. Rule 29.15. To prevail on a claim of ineffective · assistance of counsel, a movant must prove that trial counsel's performance was deficient and that this deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Fox*, 916 S.W.2d 356, 362 (Mo.App. E.D.1996). To be entitled to an evidentiary hearing, the movant must plead facts not conclusions, which, if true, would warrant relief; the factual allegations must not be refuted by the record; and the matters complained of must have prejudiced the movant. *State v. George*, 937 S.W.2d 251, 257 (Mo.App. E.D.1996).

Defendant argues that his trial counsel rendered ineffective assistance by failing to call him to testify after indicating a desire to do so. In his pro se motion, defendant alleged that counsel failed to permit him to testify. In his amended motion, defendant incorporated by reference his pro se motion.[1] Defendant alleged in his amended motion that he repeatedly told counsel he wanted to testify but counsel failed to call him to testify.

■ Although the decision to testify rests solely with a defendant, a defendant is entitled to reasonably competent advice. *State v. Dees*, 916 S.W.2d 287, 301 (Mo.App. W.D.1995). "Generally, trial counsel's advice whether to testify is a matter of trial strategy which, barring exceptional circumstances, is not a ground for post-conviction relief." *Id.* Counsel's advice that a defendant not testify or counsel's attempt to dissuade a defendant from testifying, without more, will not constitute incompetence if it might be considered sound trial strategy. *Id.*

■ The State admits that review of the record does not reveal that defendant's claim was refuted. The State also concedes that an evidentiary hearing is necessary for consideration of this claim. We agree. The portion of the judgment as to this claim is reversed and the cause remanded for an evidentiary hearing.

1. Defendant was sentenced prior to the effective date of Rule 29.15(g) which now provides "[t]hat the amended motion shall not incorporate by reference material contained in any previously filed motion."

To the extent defendant argues in his second point that the trial court somehow denied him the right to testify, he fails to cite any portion of the transcript that indicates the trial court either denied him the right to testify or failed to recognize his right to testify.

Defendant raises other arguments on appeal regarding the denial of his Rule 29.15 motion. As for these arguments, the court's findings of fact and conclusions of law are not clearly erroneous. An opinion on these arguments would have no precedential value and these arguments are denied. Rule 84.16(b). As for defendant's arguments regarding the judgment entered on his convictions, no jurisprudential purpose would be served by addressing these arguments in a written opinion. These argument are denied. Rule 30.25(b).

The judgment entered for defendant's convictions is affirmed. The portion of the judgment entered for defendant's Rule 29.15 motion regarding defendant's ineffective assistance claim as to his testifying is reversed and the cause is remanded. In all other respects, the judgment denying defendant's Rule 29.15 motion is affirmed.

AHRENS, P.J., and KAROHL, J., concur.