Robert KUHLENBERG, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78867.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 4, 2001.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Robert Kuhlenberg ("movant") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. A jury convicted movant on two counts of forcible rape pursuant to section 556.030 RSMo 1994[1], and movant was sentenced to two consecutive ten-year terms. Movant's convictions were affirmed on appeal to this court, but the case was remanded to clarify whether movant's sentences were supposed to run consecutively or concurrently. *See State v. Kuhlenberg,* 981 S.W.2d 617 (Mo.App.1998). On remand movant's sentence was changed to two concurrent ten-year terms. Movant then filed a *pro se* Rule 29.15 motion and later an amended motion once counsel was appointed for him. The motion court issued findings of fact and conclusions of law and denied the motion without an evidentiary hearing.

Movant claims that the motion court erred in denying his post-conviction motion because his trial counsel was ineffective for (1) failing to allow movant to testify at trial despite his wish to do so, (2) failing to call Terry Archer as a witness because she would have helped movant's case, and (3) failing to present evidence that the victim offered to change her testimony if movant's family would pay her. We affirm in part and remand in part for an evidentiary hearing.[2]

■ Appellate review of a motion court's disposition of a Rule 29.15 motion is limited to a "determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). A motion court's findings and conclusions are clearly erroneous only if the reviewing court firmly believes a mistake was made after it has reviewed the entire record. *State v. Fanning,* 939 S.W.2d 941, 948 (Mo.App.1997). To prevail on a claim of ineffective assistance of counsel, the movant must be able to show that "counsel's performance was deficient and that this deficient performance prejudiced the movant." *State v. Swims,* 966 S.W.2d 368, 369 (Mo.App.1998) (*citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ An evidentiary hearing is required under Rule 29.15(g) if one is requested and the record fails to "conclusively show that the movant is not entitled to relief." *Franklin v. State,* 24 S.W.3d 686, 689–90 (Mo. banc 2000); Rule 29.15(g). "[T]o obtain an evidentiary hearing, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that movant was thereby prejudiced." *Id.* at 690 (quoting *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997)).

■ Movant first argues that his counsel was ineffective for failing to call him to testify despite his wish to do so. Movant claims that he met with his counsel only twice, once several months before trial and once the day before trial. Movant expressed his desire to testify in his second meeting with counsel, but counsel told movant he would not advise it. When

---

1. All further statutory references are to RSMo 1994.

2. The underlying facts are set forth in the opinion on movant's direct appeal.

movant persisted in his desire to testify, counsel responded that he would not be calling movant to testify. Movant contends counsel never advised movant that the ultimate choice on whether to testify was movant's and not counsel's to make.

■ An individual's right to testify on their own behalf is a fundamental right waivable only by that individual. *State v. Young*, 882 S.W.2d 291, 293 (Mo.App.1994). An evidentiary hearing on this issue is necessary unless the record conclusively shows that a defendant voluntarily and knowingly waived the right to testify. *Id.* In most cases, counsel's advice on whether to testify is a matter of trial strategy and absent "exceptional circumstances is not a ground for post-conviction relief." *Swims*, 966 S.W.2d at 369 (*citing State v. Dees*, 916 S.W.2d 287, 301 (Mo.App.1995)). If, however, counsel refuses to allow a movant to testify, this would warrant relief in a post-conviction hearing. *Brown v. State*, 882 S.W.2d 154, 156 (Mo.App.1994).

The record does not refute movant's claim that he was never afforded the opportunity to testify nor does the record refute that movant was not advised that the ultimate choice on whether to testify was his. The motion court, in denying movant's motion, referred repeatedly to movant's failure to include this issue in his *pro se* motion. However, the amended motion did include the allegation. The motion court also relied on the fact that movant stated he was pleased with counsel's performance at the close of the trial and that he did not raise this issue then. However, the motion court never specifically asked movant if he was aware of his right to testify nor did it ask movant if he had voluntarily and knowingly waived his right to testify. Further, the State concedes that the movant has pleaded sufficient facts to be entitled to an evidentiary hearing and that a hearing is necessary on

this issue. We remand on point one for an evidentiary hearing.

■ Movant's second claim of error asserts that his counsel was ineffective because he failed to call Terry Archer as a witness. Movant claims that Terry Archer would have helped provide him with a defense because Archer would have testified that the victim and the victim's mother owed movant a lot of money for drugs and that the motivation behind victim's allegation that movant raped her was to get out of that debt.

■ Generally, counsel's decision not to call a witness to testify is presumptively a matter of trial strategy and is not a basis for an ineffective assistance of counsel claim. *Battle v. Delo*, 19 F.3d 1547, 1555 n. 4 (8th Cir.1994). In order for movant to establish that counsel was ineffective for not calling a witness to testify, movant must show that "his attorney's failure to call the witness was something other than reasonable trial strategy; that the witness could have been located through reasonable investigation; that the witness would have testified if called; and that the witness's testimony would have provided the [movant] with a viable defense." *State v. Miller*, 981 S.W.2d 623, 633–34 (Mo.App. 1998) (*citing State v. Maddix*, 935 S.W.2d 666, 672 (Mo.App.1996)).

The motion court found that counsel's failure to call Archer was not ineffective assistance of counsel because counsel was able to obtain from the witnesses that were called most of the information movant contends Archer would have added. Further, the motion court found that such information would have merely served to impeach the complaining witness and would not have provided movant with a defense. The motion court also referred to the fact that Archer was currently in prison and counsel's failure to call her may

have been related to her credibility, which is a legitimate trial strategy. *See State v. Bommarito,* 856 S.W.2d 680 (Mo.App. 1993). Because the testimony of Archer would have been cumulative and would not have provided movant with a viable defense, counsel was not ineffective in failing to call her as a witness. Point denied.

■ In his final point of error, movant contends that his counsel was ineffective for failing to present evidence that the victim offered to change her story if movant's family gave her money. Movant states in his motion that counsel received a call from the victim who indicated that she would not testify if she were paid a fee. Counsel advised movant's family not to participate in such a transaction and nothing ever came of the offer. Movant claims that counsel should have stepped down so he could be called as a witness about the proposed bribe. Movant asserts that such evidence would have impeached the victim and supported movant's defense that the rape was fabricated for monetary reasons.

We reiterate that movant is entitled to an evidentiary hearing only if he has pleaded facts, not refuted by the record, which if true would warrant relief. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993). In its judgment denying movant's motion, the motion court found that information regarding the victim's willingness to change her story in exchange for money would only serve to impeach the victim and not provide a viable defense. Further, the motion court stated that counsel was able to get basically the same information before the jury when counsel elicited from the victim the fact that Archer owed movant money and when counsel argued that victim's allegations were based on the urgings of victim's estranged mother rather than fact.

The record does not refute movant's claim that trial counsel failed to present such evidence. While it is true that such information about the victim would affect her credibility, if the allegation is true, it could also provide support to movant's defense theory that victim fabricated the rape charge for monetary reasons. The State concedes that the motion court erred in denying movant's motion on this point without an evidentiary hearing. We remand point three for an evidentiary hearing on this issue. *See State v. Thompson,* 955 S.W.2d 828, 829 (Mo.App.1997); *Frederick v. State,* 754 S.W.2d 934, 937 (Mo. App.1988).

The judgment of the motion court is affirmed in part and remanded in part for an evidentiary hearing.

RICHARD B. TEITELMAN, P.J. and GARY M. GAERTNER SR., J., concur.