**Julius SIMMONS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 81564.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 2003.

Lisa M. Stroup, Assistant State Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole E. Gorovsky, Assistant Attorney General, Jefferson City, MO, for respondent.

MARY R. RUSSELL, Presiding Judge.

Julius Simmons ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant had pled guilty to trafficking in the second degree and was sentenced to a 15–year term of imprisonment. In his Rule 24.035 motion, Movant argued that his plea counsel was ineffective for failing to locate and interview a witness and for failing to advise Movant of his right to testify on his own behalf at trial. We affirm in part and reverse and remand in part.

While sitting in his parked car, Movant was approached by a police officer ("Officer"). In his deposition, Officer testified that as he and his partner moved towards Movant, Movant exited his vehicle and attempted to strike Officer's partner with his fist. Officer and his partner then forced Movant to the ground. After placing him in handcuffs, Officer noticed a brown piece of paper in Movant's hand. This paper

contained a substance that Officer suspected to be, and was later found to be, crack-cocaine.

Movant initially denied Officer's allegations. In preparation for his plea hearing, Movant informed his counsel that Darcy Harrington ("Witness") had seen the events surrounding Movant's arrest and would testify that Movant had neither possessed crack-cocaine at the time of the arrest, nor attempted to strike either of the arresting officers. Subsequently, plea counsel deployed an investigator to question Witness about Movant's arrest. When Witness could not be located, Movant provided directions to Witness' residence. Three investigators canvassed the area surrounding the residence but could not find Witness. Movant then supplied a different address to counsel. Counsel visited this address and was told that no one by Witness' name resided there. The next day, counsel showed Movant a map of the area that counsel had visited in his attempt to locate Witness, and Movant suggested that counsel search on a different street. Counsel again followed Movant's suggestion but could not find Witness. Finally, on the day of his plea hearing, Movant informed the court that he had just received information that Witness had been seen at Jefferson Barracks. Postponing the trial, the court asked Movant's counsel, his investigator and an investigator for the state to go to Jefferson Barracks to find Witness. This effort, too, was unsuccessful. Having learned that Witness could not be located, Movant entered his guilty plea.

In his appeal, Movant argues that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because Movant's plea counsel was ineffective in two respects. In his first point, Movant argues that his plea counsel was ineffective in that he failed to locate and interview Witness. In his second point, Movant alleges that his plea counsel was ineffective in that he failed to inform Movant of his right to testify on his own behalf.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings are clearly erroneous. *Ivy v. State*, 81 S.W.3d 199, 201–02 (Mo.App. 2002). A judgment will be found to be clearly erroneous if, after review of the entire record, this court is left with the firm and definite impression that a mistake has been made. *Estes v. State*, 950 S.W.2d 539, 541 (Mo.App.1997). When examining a motion court's ruling, the findings of that court are presumptively correct. *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998).

■ A movant is entitled to an evidentiary hearing only if his motion meets three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Cross v. State*, 37 S.W.3d 256, 259 (Mo.App.2000).

■ To be successful on a claim of ineffective assistance of counsel, a movant must show that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and as a result he was prejudiced. *Hao v. State*, 67 S.W.3d 661, 663 (Mo.App.2002). When the focus of a claim of ineffective assistance of counsel is counsel's failure to call a witness, a movant must prove that the witness could have been located through a reasonable investigation, the witness would have testified if called, and the witness's testimony would have provided a viable defense. *Eddes v. State*, 776 S.W.2d 463, 464–65 (Mo.App. 1989).

A guilty plea generally waives any future complaint the defendant might have about trial counsel's failure to investigate his case. *Sanders v. State,* 770 S.W.2d 447, 448 (Mo.App.1989). In fact, a guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea. *See Van Ralston v. State,* 824 S.W.2d 75, 78 (Mo.App.1991).

When a movant pleads guilty and then affirmatively states in court that he is satisfied with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a claim that counsel was ineffective for failure to investigate, because such a claim is refuted by the record. *Holland v. State,* 990 S.W.2d 24, 31 (Mo.App.1999) (evidentiary hearing on movant's Rule 24.035 motion claiming counsel failed to subpoena witnesses denied because movant assured trial court he was satisfied with counsel's performance); *Boxx v. State,* 857 S.W.2d 425, 427 (Mo. App.1993) (movant not entitled to evidentiary hearing on Rule 24.035 motion that counsel failed to investigate witnesses because such claim was refuted by movant's statement of satisfaction with counsel's services).

Because Movant pled guilty, consideration of his first point on appeal is confined to whether the voluntariness and understanding with which he made his plea was inhibited by his counsel's failure to locate Witness. The motion court found that Movant's plea was not so affected. We agree.

When Movant was asked by the judge at his plea hearing if he was fully satisfied with the investigation and trial preparation of his attorney, Movant responded, "Yes, Your Honor." When asked more specifically about whether, based upon discussions with his attorney regarding the ina-

bility to locate Witness, it was in Movant's best interests to plead guilty, Movant responded, "That's correct." The motion court found that these and other statements made by Movant in response to the litany of questions posed to him at his plea hearing, evidenced that Movant's plea was made voluntarily, without any threats or intimidation, and refuted Movant's claim to the contrary. We are not left with the firm impression that a mistake was made by the motion court. We do not find that its ruling was clearly erroneous. Point one is denied.

In his second point on appeal, Movant argues that his plea counsel was ineffective for failing to advise him of his right to testify on his own behalf at trial. The State concedes that Movant is entitled to an evidentiary hearing on this point, and we agree.

To be entitled to an evidentiary hearing, Movant was required to plead facts which, if true, showed that counsel's failure to inform him of his right to testify on his own behalf affected the voluntariness with which his plea was made, that these facts were not refuted by the record, and that he was thereby prejudiced. *See Cross,* 37 S.W.3d at 259. Contrary to the finding of the motion court that Movant's claim in this regard is "without merit," we find that Movant met his burden and is entitled to an evidentiary hearing on this point.

A criminal defendant's right to testify on his own behalf is a fundamental right waivable only by that individual. *Kuhlenberg v. State,* 54 S.W.3d 705, 708 (Mo.App.2001). An evidentiary hearing on this issue is necessary unless the record conclusively shows that a defendant voluntarily and knowingly waived the right to testify. *State v. Young,* 882 S.W.2d 291, 293 (Mo.App.1994) (movant entitled to evi-

dentiary hearing where record did not conclusively show movant voluntarily and knowingly waived right to testify despite trial court's opinion that movant's testimony would not have been believed because of his long "rap sheet").

In *Kuhlenberg,* the movant informed his counsel that he wished to testify on his own behalf, but counsel refused to call him as a witness. 54 S.W.3d at 707–08. The movant was convicted, and his Rule 29.15 motion for post-conviction relief[1] was denied without an evidentiary hearing. *Id.* at 707. In appealing the decision of the motion court, the movant argued that he was entitled to an evidentiary hearing because trial counsel never advised him that the ultimate choice on whether to testify was his, and not counsel's, to make. *Id.* at 708. This court reversed the motion court's ruling, finding that the movant's claim was not refuted by the record despite his expression of satisfaction with his counsel's performance. *Id.* This finding was based on the failure of the motion court to specifically ask the movant if he was aware of his right to testify, or if he had voluntarily and knowingly waived that right. *Id.*

Similarly to *Kuhlenberg,* Movant in this case alleged that he repeatedly informed his counsel that he wished to testify at trial. Movant asserts that counsel replied that he planned not to call Movant to testify. At no point did counsel inform Movant that, despite his strategic misgivings about allowing Movant to testify in his own behalf, the ultimate choice on whether or not to do so rested with Movant.

Furthermore, the facts pled by Movant are not refuted by the record, as the record is devoid of any evidence showing that he voluntarily and knowingly waived his right to testify. Movant also pled that he

was prejudiced by counsel's failure to inform him of his right to testify in that "if counsel had advised him of his right to testify, [Movant] would have insisted on going to trial and testifying in his own defense." Thus, Movant has pled facts, which, if true, entitle him to relief on his claim of ineffective assistance of counsel. Point two is granted.

For the reasons stated above, we find that the motion court clearly erred in denying an evidentiary hearing to Movant on his claim that counsel failed to advise him of his right to testify on his own behalf at trial. We reverse and remand for the limited purpose of holding an evidentiary hearing to determine the veracity of Movant's claim that he was not informed by counsel of his right to testify, and whether he would have proceeded to trial had he been so informed. In all other respects, the judgment of the motion court is affirmed.

CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J., concur.

---

1. Due to the identical language and purpose of Rules 29.15 and 24.035, this court has held it appropriate to use cases interpreting one of these rules to guide interpretation of the other. *See Crews v. State,* 7 S.W.3d 563, 569 n.1 (Mo.App.1999).