**Megal COLE, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 92649.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 9, 2010.

Jessica M. Hathaway, St. Louis, MO, for appellant.

Chris Koster, John W. Grantham, Jefferson City, MO, for respondents.

GARY M. GAERTNER, JR., Judge.

### Introduction

Megal Cole (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his Amended Motion under Rule 29.15 to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing (Amended Motion).[1] We affirm.

### Factual and Procedural Background

A jury convicted Movant of one count of burglary in the first degree and one count of stealing a motor vehicle. Movant's convictions were affirmed on appeal to this Court. *State v. Cole*, 238 S.W.3d 684 (Mo. App. E.D.2007). Movant timely filed his pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence, and,

---

1. All rule references are to Mo. R.Crim. P.2008, unless otherwise indicated.

through appointed counsel, his Amended Motion under Rule 29.15.

In his Amended Motion, Movant claimed, as relevant to his points on appeal, that he was denied his right to testify, right to present a complete defense, right to due process, right to a fair trial and right to effective assistance of counsel, in that his trial counsel unreasonably refused to call Movant to testify at trial in his defense.

Movant averred that he would have testified if trial counsel had called him, and that he told his counsel he wished to do so. Movant averred his testimony would be that, after being read his rights by police officers in a correctional facility waiting room, he had told the officers he was leaving because he wanted to talk to a lawyer. He further asserted he would testify that he had never made a statement to the officers about a baby or a black SUV, about being addicted to drugs, or about burglarizing homes.

Movant also claimed in his Amended Motion that his trial counsel was ineffective for failing to object and request a mistrial when State's witnesses Bezell Lee (Lee), Carlos Boles (Boles) and Sannita Vaughn (Vaughn) testified that Movant was smoking marijuana as he drove a stolen black Lexus. Movant argued that this unchallenged evidence of uncharged crimes, i.e., illegal drug use, violated his constitutional rights to enjoy due process of law, to have effective assistance of counsel, to present a defense, to be tried only for the charged offenses, and to receive a fair trial.

The motion court denied Movant's Amended Motion without an evidentiary hearing. In its Findings of Fact and Conclusions of Law, the motion court determined Movant's allegation that trial counsel was ineffective because she refused to call Movant to testify at trial was refuted by the record, citing to pages 990–995 of the trial transcript. As to Movant's allegation that trial counsel was ineffective for failing to object to the testimony of the State's witnesses that they and Movant were smoking marijuana while Movant was driving the stolen vehicle, the motion court found that, in light of all the evidence presented, this testimony did not alter the outcome of the trial, and did not prejudice Movant.

As relevant, the following occurred at Movant's trial. During trial, the State presented the testimony of several witnesses, including Lee, Boles and Vaughn. During his testimony, Lee testified that he, Vaughn, Lee's daughter, and Boles obtained a ride in the early morning hours of January 10, 2004, in a black Lexus SUV truck driven by Movant. Lee further testified that the group did not reach their destination because they were involved in an accident. When asked to describe what happened, Lee stated that after Movant began coughing and choking, the truck veered off the road, went airborne, and crashed into a house. When asked why Movant was coughing, Lee responded, "Probably was the weed we smoked, because I let my window down because my daughter was in there cause we smoking the weed." Boles and Vaughn similarly testified.

The State also presented the testimony of two Ladue police officers, Christopher Schmitz (Detective Schmitz) and Bryan Lucas (Detective Lucas). Detective Schmitz testified that after he and Detective Lucas introduced themselves to Movant in an attempt to interview him, Movant stood up and pronounced he did not have anything to say. Detective Schmitz testified that Movant started to walk away, stopped, turned back toward the officers, and said, "I do have one thing to say . . . I didn't mean to hurt that baby." Detective

Schmitz said he then read Movant his rights. Thereafter, Movant told the officers that he had been in Ladue almost every night, going through unlocked cars and garages looking for "cash and things," and he remembered taking from a Ladue garage a black SUV with keys in it. Detective Lucas's testimony was substantially the same as Detective Schmitz's.

At the close of the State's evidence, the court instructed Movant's counsel to finalize her discussions with Movant regarding his decision to testify. After allowing Movant time to discuss the matter with his counsel, the following inquiry took place in open court outside the presence of the jury:

[Court]: We're back in session. All right, we'll be on the record.

[Movant], I understand that you had an opportunity to discuss with your attorney whether or not you want to testify or not testify in this case; is that correct?

[Trial Counsel]: Your Honor, [Movant] has indicated that the answer to that question is no.

[Court]: I'm sorry. The what?

[Trial Counsel]: That he wishes that I speak for him and the answer to that question is no. That's what he's indicated to me right now.

[Court]: Okay. And [Movant], do you understand that if you choose not to testify that that's your decision alone to make, nobody else can make that decision for you, you can talk to your attorney, your attorney can give you advice, but do you understand that you alone are the one that decides whether or not you'll testify or not testify?

[Trial Counsel]: [Movant] indicates that he fully understands.

[Court]: All right. And do you also understand that if you choose not to testify that neither [the State] nor I could say anything to the jury about your not testifying?

[Trial Counsel]: [Movant] indicates that he fully understands.

[Court]: All right. Okay. The Court will note for the record that the Court was addressing the questions to [Movant] and [Movant] chose, as he certainly can do, chose to answer these questions by stating the answer to the—his attorney and having his attorney repeat the answer to me.

All right, we'll be in recess for a few minutes while we bring the jury in, and we'll let them know the evidence has been completed.

This appeal follows the motion court's denial of Movant's Amended Motion.

### Points on Appeal

In his first point on appeal, Movant claims the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing because the record did not conclusively refute Movant's post-conviction claim that counsel refused to allow him to testify at trial, in that Movant was not voir dired on his right to testify; thus, Movant alleged unrefuted facts that, if proven, would entitle him to relief. Movant argues he was prejudiced because he did not have the opportunity to exercise his constitutional right to testify in his own defense, and there is a reasonable probability the outcome of trial would have been different had he testified. He further argues this error violated his rights to testify, to present a complete defense, to due process, to a fair trial and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 18(a) of the Missouri Constitution.

In his second point, Movant claims the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing because the record did not conclusively refute Movant's post-conviction claim that counsel was ineffective for failing to object to irrelevant evidence of illegal drug use, in that the record does not reflect reasonable trial strategy, and Movant alleged facts that, if proven, would entitle him to relief. Movant asserts there is a reasonable likelihood that the outcome of the trial would have been different had counsel objected to this irrelevant, prejudicial evidence and the failure to do so violated his rights to due process of law and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 17, 18(a) of the Missouri Constitution.

### Standard of Review

■ To obtain an evidentiary hearing under Rule 29.15, a movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that the movant was thereby prejudiced. *Kuhlenberg v. State*, 54 S.W.3d 705, 707 (Mo.App. E.D.2001).

Our review of the denial of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k); *Kuhlenberg*, 54 S.W.3d at 707. We will determine that a motion court's findings and conclusions are clearly erroneous only if, having reviewed the entire record, we firmly believe a mistake was made. *Kuhlenberg*, 54 S.W.3d at 707.

### Discussion

### Point I

In his first point, Movant claims that the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing because the record did not conclusively refute Movant's post-conviction claim that counsel refused to allow him to testify at trial, in that Movant was not voir dired on his right to testify; thus, Movant alleged unrefuted facts that, if proven would entitle him to relief. Movant argues he was prejudiced because he did not have the opportunity to exercise his constitutional right to testify in his own defense, and there is a reasonable probability the outcome of trial would have been different had he testified.

■ In a criminal case, a defendant's right to testify is a constitutional right that only the defendant has the power to waive. *Kuhlenberg*, 54 S.W.3d at 708. This waiver must be made voluntarily and knowingly. *Id.* To prevail on his claim of ineffective assistance of counsel, Movant must prove (1) his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) Movant was thereby prejudiced. *Id.* at 707.

To be entitled to an evidentiary hearing on his claim, Movant must allege facts, not refuted by the record, which, if true, would entitle him to relief. *Id.* Furthermore, these complained-of matters must have prejudiced Movant. *Id.* To establish prejudice, Movant must demonstrate a reasonable probability that, but for his trial counsel's errors, the result of his proceeding would have been different. *Rotellini v. State*, 77 S.W.3d 632, 637 (Mo.App. E.D. 2002).

■ Movant's assertion that his trial counsel was ineffective by refusing to allow Movant to testify at trial is conclusively refuted by the record. At the close of the State's evidence, the trial court directly

inquired of Movant concerning his decision to testify, specifically advising him that only he could make the decision, and Movant chose not to testify. Movant was physically present during this inquiry, and the record clearly indicates that the trial court addressed Movant personally regarding his desire to testify. When given this opportunity, however, instead of speaking directly to the court, Movant chose to relay his intentions through his trial counsel. We conclude the record clearly demonstrates that Movant knowingly and voluntarily waived his right to testify. *Kuhlenberg*, 54 S.W.3d at 708.

We further note that Movant had no reluctance to vocalize his positions, opinions, or thought processes throughout his trial. Not only did Movant personally file and argue several pretrial motions, he vigorously asserted his thoughts and opinions throughout the proceedings below, speaking out during questioning of witnesses, gesturing during testimony, contradicting his attorney, refusing to follow her advice and the court's instructions, and often disrupting his trial by his behavior. In fact, during a recess in which motions were being discussed in chambers, Movant became disruptive in the courtroom to the point of requiring his removal, threatening that he would "clown" when the jury returned and would tell the jury he wanted a mistrial. The trial court questioned Movant as to whether he would behave himself and remain quiet when the jury was recalled to the courtroom, and Movant responded, "I'll try. We'll see. We'll have to find out what happens."

When trial court's attempt to obtain Movant's assurance that he would conduct himself appropriately was met with evasion, the trial court allowed Movant time to speak with his counsel. Nevertheless, Movant continued to indicate that he could not assure the court that he would conduct himself appropriately, forcing the trial court to direct his removal. To prevent the jury from discovering the removal, the court recessed for the remainder of the day to allow Movant to calm down. The record is replete with instances of Movant's disruptive behavior, erratic outbursts and demands. The transcript likewise records the trial court's tempered, deliberate responses to the Movant's unreasonable attempts to undermine his trial proceedings. Consequently, his claim that his counsel refused to allow him to testify is disingenuous, and we reject Movant's attempt to benefit from his own obstreperous behavior.[2]

▆▆▆ Moreover, even if as alleged by Movant in his Amended Motion, Movant had testified that he had not made a statement to the Ladue police officers about a baby, a black SUV, or about burglarizing homes, we determine that Movant has failed to demonstrate that any failure by his trial counsel to call him as a witness prejudiced Movant.[3] Even assuming that the jury would have found Movant more credible than the testifying officers, three eyewitnesses testified that Movant was driving the stolen SUV; thus, other evidence existed that was sufficient to support the submission of the charged crimes. "An inference of guilt is permissible from the unexplained possession of property re-

---

2. Interestingly, at sentencing, Movant himself described his courtroom behavior as "obnoxious," and admitted that he had indulged in loud outbursts and used profanity during his trial.

3. We note that Defendant pleaded guilty in 1998 to the felony of Stealing a Motor Vehicle, and in 1999 to the felony of Possession of a Controlled Substance, convictions that would have been subject to questioning had Defendant testified.

cently stolen in a burglary, and the inference exists both as to the offense of burglary and of stealing." *State v. Brown*, 744 S.W.2d 809, 811 (Mo. banc 1988) (internal quotation and citation omitted). Furthermore, Movant did not allege that he did not commit the charged crime, only that he would have denied making incriminating statements to the officers; thus, we conclude Movant has failed to demonstrate a reasonable probability that, but for his trial counsel's errors, the result of his proceeding would have been different.

The motion court did not clearly err in denying Movant's motion for post-conviction relief without a hearing because the record conclusively refutes Movant's claim that counsel refused to allow him to testify at trial, and Movant failed to allege facts that, if proven, would entitle him to relief.

Point denied.

### Point II

█ In his second point, Movant claims that the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing, because the record did not conclusively refute Movant's post-conviction claim that counsel was ineffective for failing to object to irrelevant evidence of illegal drug use, in that the record does not reflect reasonable trial strategy, and Movant alleged facts that, if proven, would entitle him to relief.

█ "Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object." *Bradley v. State*, 292 S.W.3d 561, 564 (Mo.App. E.D.2009). Although evidence of uncharged offenses is generally inadmissible for the purpose of demonstrating a defendant's propensity to commit similar crimes, an exception to this rule exists for evidence of uncharged crimes that are part of the circumstances or sequence of events surrounding the

charged offense. *State v. Johnson*, 207 S.W.3d 24, 42 (Mo. banc 2006).

█ We conclude that an objection to the witnesses' testimony that Movant was smoking marijuana just prior to the accident would have been meritless. This testimony concerned part of the circumstances and sequence of events that led to the accident involving the stolen vehicle, and served to explain why and how the stolen vehicle became airborne and ultimately struck a stranger's home, coming to rest in the home's family room. As such, it falls within the exception to the general rule of inadmissibility. *Id.* Counsel will not be deemed ineffective for failing to make a non-meritorious objection. *Forrest v. State*, 290 S.W.3d 704, 714 (Mo. banc 2009). Movant has failed to allege facts that, if proven, would entitle him to relief.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.