Joseph W. **MORT**, Movant–Appellant,

v.

**STATE of Missouri, Respondent– Respondent.**

No. SD 32042.

Missouri Court of Appeals, Southern District, Division One.

June 13, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2013.

Application for Transfer Denied Oct. 29, 2013.

Daniel A. Juengel, Clayton, for Appellant.

Chris Koster (Attorney General), Daniel N. McPherson, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, J.

Joseph W. Mort ("Movant") was convicted of two counts of first-degree statutory sodomy and sentenced to two consecutive terms of life in prison; he subsequently filed a post-conviction motion under Rule 29.15(a)[1] claiming his trial counsel[2] was

1. All rule references are to Missouri Court Rules (2013), unless otherwise specified.

ineffective for failing to call witnesses, for failing to present evidence that another person caused "any medical evidence," and for misadvising him as to his right to testify.[3] We affirm.

We review the motion court's judgment under Rule 29.15 to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Johnson v. State*, 102 S.W.3d 535, 537 (Mo. banc 2003). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010).

### Failure to Call Witnesses

■ Unless clearly shown otherwise, trial counsel's decision not to call a witness is presumed to be trial strategy. *Gennetten v. State*, 96 S.W.3d 143, 151 (Mo.App. W.D.2003).

> To prevail on a claim of ineffective assistance of counsel for failure to locate and call an expert witness, the movant must show that: (1) such an expert witness existed at the time of trial; (2) the expert witness could be located through reasonable investigation; and (3) the expert witness's testimony would have benefited the defense.

*Zink v. State*, 278 S.W.3d 170, 179 (Mo. banc 2009).

### Dr. Kozlowski Expert Witness

■ Movant claims trial counsel was ineffective because they did nothing to challenge "the erroneous testimony" of the State's expert witness. At the evidentiary hearing, Movant claimed that Dr. Karen Kozlowski would have rebutted the State's witness concerning medical evidence that the victim showed signs of sexual abuse. The problem with Dr. Kozlowski's testimony is that the allegations of abuse against Movant are not necessarily related to any medical testimony concerning the victim. The testimony at trial indicated that the charged behavior would not necessarily have caused physical injury to the victim.[4] More importantly, there was evidence that a friend of Movant, Chad Elliott, had engaged in sexual abuse of the victim. Movant's trial strategy was to suggest that Elliott had caused any damage to the victim. Thus, the testimony of Dr. Kozlowski that there were no visible signs of sexual abuse would not have benefited Movant's defense. Point I is denied.

### Shawn Boyd

■ Movant's second point states: "The motion court erred in finding that trial counsel were not ineffective for failing to endorse and present Shawn Boyd as an expert witness." Movant's point relied on does not comply with Rule 84.04. Movant does not advise us of the legal reasons why he should prevail or the facts in the context of this case to support that claim. Nonetheless, we take Movant's point to mean that trial counsel erred in failing to endorse Boyd as an expert witness and its implication that, had counsel properly endorsed Boyd, Boyd would have been allowed to testify. Movant claims in his argument that trial counsel was ineffective in failing to offer Ms. Boyd as an expert to explain an alternative theory for the lack of detail in the victim's initial interview

---

**2.** At trial, Movant was represented by three attorneys. We refer to them collectively as "trial counsel."

**3.** For ease of discussion, we discuss Movant's points out of order.

**4.** For example, the testimony was that Movant touched and licked the victim.

and animosity between Movant and his ex-wife.

As to the first allegation, that there was an alternative theory for the lack of detail in the victim's initial interview, that allegation was presented to the trial court by trial counsel. The objection to Boyd's trial testimony was that it was not relevant to any issue in the case. Movant's trial counsel was allowed to voir dire Boyd, who testified that certain protocols had not been followed by the Children's Division regarding the notification and interviewing of the alleged perpetrator and the contacting of potential witnesses. Boyd testified that she did not know that there was anything improper about the interviews of the victim conducted by the Children's Center. After the voir dire and several other objections, the court sustained the motion to exclude her testimony partly on the basis that the case involved no issues about proper Children's Division protocol.

Furthermore, on the direct appeal of this case, this Court found that the trial court did not abuse its discretion in finding Boyd's testimony was irrelevant, that the testimony went to a collateral matter, namely whether investigators for the Children's Division followed agency protocols in their investigation. *State v. Mort,* 321 S.W.3d 471, 484 (Mo.App. S.D.2010). Because the trial court did not err in excluding the testimony as irrelevant, this Court did not address the question of whether Boyd was timely disclosed as an expert. *Id.* at 484 n. 12.

As to the second claim in the argument, that there was animosity between Movant and his ex-wife, that claim was not preserved below. Although Movant attempted to substantially expand his claim of ineffective assistance of counsel at the evidentiary hearing and in this Court to include a factual claim that Boyd knew that Movant's ex-wife was hostile to Movant in a custody matter, that issue has not been developed or preserved in this point.

 As we noted, in this point Movant is claiming that trial counsel was ineffective for failing to endorse Boyd as an expert. The trial court questioned whether Boyd would have been allowed to testify as an expert witness concerning the interviews. The motion court also found that had Boyd been endorsed as an expert her testimony would not have been admissible as much of it was inadmissible hearsay. She had no opinion whether "coaching" had occurred and had not even watched the videotaped interviews of the victim. As this Court found in the direct appeal, Boyd's testimony would not have been admissible because it was irrelevant. Even an expert cannot testify to irrelevant matters. Counsel will not be found ineffective for failing to offer inadmissible evidence. *Marschke v. State,* 185 S.W.3d 295, 307 (Mo.App. S.D.2006). Point II is denied.

### Victim's Childhood Friend, P.S., and Cynthia Marshall

 Movant claims that his trial counsel was ineffective for failing to call P.S., the victim's best friend, to the stand. Movant claims P.S. would have contradicted the victim's testimony that Movant "touched [the victim's] vagina with his fingers" in the computer room and that she was present in the computer room all night. She did testify at the evidentiary hearing that the victim (who was nine years old at the time of the incident) was sitting on Movant's lap as Movant rubbed her leg. P.S. acknowledged at the evidentiary hearing that Chad Elliott was present at that same time and that he touched her and did some things to her in the computer room and while those things were happening, she did not know what Movant was doing to the victim.

Movant's trial counsel testified that he released P.S. from her subpoena because, immediately prior to trial, P.S. told counsel that she had seen Movant touch the victim. Trial counsel was aware of prior inconsistent statements of P.S., including statements that both Movant and Chad Elliott had consumed drugs and alcohol in the computer room, that both men had offered P.S. and the victim money to lift their clothes and show them their breasts, and that Elliott had sodomized P.S. in the computer room. Trial counsel was more concerned that they did not know what would be said on the day of trial. It is certainly a reasonable trial strategy not to call a witness who has in the past stated that she was not only present while sexual abuse was occurring to the victim but that she herself was being abused in the same room in the presence of Movant.

■ Cynthia Marshall is Movant's sister. Movant contends that, had she been called, she would have testified that she resided at Movant's home to assist with raising the children and that she never saw Movant in the victim's room at night, nor had she seen any inappropriate or unusual behavior. Marshall's testimony, as Movant's sister, would not have provided Movant with a viable defense. Although she lived in the house, she certainly could not have testified that she supervised the contact between the victim and Movant all of the time. Movant did not meet his burden in showing that trial counsel's actions were not a matter of reasonable trial strategy or the reasonable probability of a different outcome had Marshall been called. Point IV is denied.

**Trial Counsel Failed to Present Evidence that Chad Elliott Caused Trauma Testified to by State's Medical Evidence Expert**

■ The motion court ruled that Movant did not present evidence on his claim that Chad Elliott, and not Movant, had caused trauma to the victim and that trauma was testified to by the State's medical doctor. The motion court did not make a specific finding as to this particular claim but stated that Movant failed to present evidence on many of the claims alleged in the amended motion and those claims would not be considered because they were deemed abandoned. At the beginning of the evidentiary hearing, post-conviction counsel asked the motion court to take judicial notice of the file which pertained to Chad Elliott. The court advised counsel that it was not sure of the relevance of the file and did not have any interest in reading through the file. The court asked counsel to direct its attention to the portions of the file that were necessary for judicial notice. Counsel agreed but did not direct the court to any portions of the file during the course of the evidentiary hearing. The questions asked of trial counsel were questions about whether Chad Elliott being a possible cause of the medical evidence was mentioned in opening statement or closing argument.

As we have noted in Point I, the charges against Movant were not totally dependent upon the medical evidence in the case. It is clear from the testimony offered that Chad Elliott was present during the abuse of the victim by Movant. The victim testified to that fact. The victim also testified that Elliott had sexually abused her at a time when Movant was not present. The fact that Chad Elliott pled guilty to sexually assaulting the victim does not exonerate Movant. It is a reasonable trial strategy to avoid discussion of the guilty plea of Movant's friend. Point III is denied.

**Advice Regarding Movant Testifying**

■ Movant claims trial counsel was ineffective because they "misadvised"

him about his right to testify and the importance of testifying. "In most cases, counsel's advice on whether to testify is a matter of trial strategy and absent 'exceptional circumstances is not a ground for post-conviction relief.'" *Kuhlenberg v. State,* 54 S.W.3d 705, 708 (Mo.App. E.D. 2001) (quoting *State v. Swims,* 966 S.W.2d 368, 369 (Mo.App. E.D.1998)). Movant claims that his attorneys never told him that if he did not testify, the jury would not hear his side of the story; however, that claim was refuted at the evidentiary hearing when one of his trial counsel testified that he told Movant that if he did not testify, then "he would not get his side of the story out." Movant was advised that if he chose to testify, the State would probably call P.S. to the witness stand because he would be asked by the State whether he was in the computer room while P.S. was being sexually assaulted. P.S. is the witness Movant now says should have been called even though she would testify that Movant was in the room while she was being sexually assaulted by Chad Elliott. Movant would have had to admit that he was present during the assault or risk P.S. being called to rebut his claim.

The motion court found that the attorneys had discussed the pros and cons of testifying with Movant and that trial counsel had legitimate concerns that P.S. would be called as a rebuttal witness if Movant testified. Credibility determinations are for the motion court. *Zink,* 278 S.W.3d at 192. Although Movant posits that trial counsel stated during voir dire that they would decide whether Movant would testify or not, it is clear that the trial court informed Movant that it was his decision whether to testify and he could choose to follow their recommendation or not. Movant now posits that he had no chance of winning without his testimony; however, he has offered no facts on which to base that claim. It is clear that trial counsel

prepped Movant for the possibility of testifying, presented all of the pros and cons, and then let Movant make the final decision whether to testify or not. Giving the defendant the pros and cons is neither misadvice, nor unreasonable trial strategy. Point V is denied.

The judgment is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., concur.