Hattie L. SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 90883.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 2008.

Maleaner R. Harvey, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Hattie Smith ("Movant") appeals the from the judgment of the Circuit Court of St. Louis County denying her Rule 29.15 motion for post-conviction relief. Plaintiff asserts that the motion court clearly erred in denying, without an evidentiary hearing, her claims that: (1) trial counsel was ineffective for failing to inform Movant of her right to testify at trial; and (2) appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in giving the jury the hammer instruction. We affirm in part and reverse and remand in part.

### Background

On August 20, 2003, Movant and the victim, Pamela Jenkins, became engaged in a physical altercation, during which Movant hit Ms. Jenkins on the head with a revolver creating a gash that required four staples. After the struggle, Ms. Jenkins followed the car in which Movant was riding in order to write down the license plate. As they were driving, Movant leaned out the passenger side window and fired numerous shots at Ms. Jenkins' car.

A jury convicted Movant of one count of assault in the first degree and one count of armed criminal action. The trial court sentenced Movant as a prior and persistent offender to two concurrent terms of fifteen years' imprisonment. This Court affirmed Movant's conviction and sentence. *State v. Smith*, 214 S.W.3d 351 (Mo.App. E.D.2007).

Movant filed a Rule 29.15 motion for post-conviction relief, which was later amended by counsel. In her motion, Movant first alleged that her trial counsel was ineffective for failing to inform Movant of her right to testify at trial. Next, Movant alleged that her appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred and abused its discretion in giving the jury the hammer instruction. The motion court concluded that both points were refuted by the record and denied Movant's motion without an evidentiary hearing. Movant appeals.

### Standard of Review

■ Our review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Missouri Supreme Court Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005).

### Discussion

■ To prevail on a claim of ineffective assistance of trial counsel, a movant must show by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a rea-

sonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). A movant establishes prejudice by demonstrating that but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different. *Strong v. State,* 263 S.W.3d 636, 647 (Mo. banc 2008). To prevail on a claim of ineffective assistance of counsel, the movant must satisfy both the performance and prejudice prongs; if a movant fails to satisfy either prong, we need not consider the other. *Sanders,* 738 S.W.2d at 857.

■ An evidentiary hearing is required under Rule 29.15(h) if one is requested and the record fails to conclusively show that movant is not entitled to relief. Supreme Court Rule 29.15(h); *Franklin v. State,* 24 S.W.3d 686, 689–90 (Mo. banc 2000). To be entitled to an evidentiary hearing on a motion for post-conviction relief, (1) the motion must allege facts, not conclusions, warranting relief, (2) the facts alleged must raise matters not refuted by the files and records in the case, and (3) the matters complained of must have resulted in prejudice to the movant. *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997).

*1. Movant's Right to Testify*

■ In her first point on appeal, Movant claims that trial counsel did not inform her of her right to testify and failed to call her as a witness despite Movant's express desire to testify in her own defense. Movant further alleges that counsel refused to call her as a witness because counsel did not want evidence of Movant's prior convictions before the jury. Movant asserts

that, had she known that the ultimate decision to testify belonged to her, she would have testified that she did not shoot Ms. Jenkins and that she was at home at the time of the alleged shooting. Finally, Movant claims that she was prejudiced by trial counsel's failure to inform her of her right to testify and failure to call her as a witness.

■ A defendant's right to testify on her own behalf is a fundamental right waivable only by the defendant. *Simmons v. State,* 100 S.W.3d 143, 146 (Mo.App. E.D.2003). The waiver must be made voluntarily and knowingly. *Allen v. State,* 50 S.W.3d 323, 327 (Mo.App. W.D.2001). An evidentiary hearing on the issue of a movant's right to testify on her own behalf is necessary unless the record conclusively shows that she voluntarily and knowingly waived that right. *Simmons,* 100 S.W.3d at 146.

In denying Movant's Rule 29.15 motion, the motion court relied solely on the fact that, at her sentencing hearing, Movant stated she was satisfied with counsel's representation and, when asked whether she wished to comment on counsel's effectiveness, Movant answered "no." However, we have specifically held that this type of testimony does not refute a movant's claim that "he was never afforded the opportunity to testify nor ... that movant was not advised that the ultimate choice on whether to testify was his." *Kuhlenberg v. State,* 54 S.W.3d 705, 708 (Mo.App. E.D. 2001). Moreover, we have determined that an evidentiary hearing is warranted where the record does not establish that the court specifically asked the movant whether she was aware of her right to testify or had voluntarily and knowingly waived that right.[1] *Id.*

---

1. We note that in *Kuhlenberg,* on very similar facts, the State conceded that an evidentiary

hearing was appropriate. *Kuhlenberg,* 54 S.W.3d at 708.

The cases upon which the State relies are inapposite. *Johnson v. State* involved a claim of ineffective assistance of counsel for failure to investigate and present witnesses, not for failure to advise the movant of his right to testify. 776 S.W.2d 456, 457 (Mo.App. E.D.1989). *Williams v. State* is distinguishable from the instant case because the motion court held an evidentiary hearing prior to concluding that the movant was not prejudiced as a result of his counsel's advice not to testify. 205 S.W.3d 300, 314 (Mo.App. W.D.2006). In *Lott v. State*, the movant claimed only that counsel advised him not to testify; the movant did not allege that counsel failed to advise him of his right to testify or otherwise deprived him of the opportunity to do so. 147 S.W.3d 842, 844, 845 (Mo.App. S.D. 2004).

The record before us does not refute Movant's claim that she was neither afforded the opportunity to testify nor advised that she retained the ultimate decision to testify. Nor does the record conclusively show that Movant voluntarily and knowingly waived her right to testify. Accordingly, point one is granted and we remand for an evidentiary hearing.

### 2. Hammer Instruction

In her second point on appeal, Movant claims that appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in giving the jury the hammer instruction.[2] Specifically, Movant contends that, by instructing the jury to continue deliberations after the jury informed the trial court that it was deadlocked, the trial court virtually directed the jury to reach a guilty verdict. We disagree.

The standard for reviewing a claim of ineffective assistance of appellate counsel is essentially the same standard that applies to trial counsel in that movant must establish that counsel failed to provide competent assistance and movant was thereby prejudiced. *Storey v. State*, 175 S.W.3d 116, 148 (Mo. banc 2005). For a movant to prevail on a Rule 29.15 motion for ineffective assistance of appellate counsel, "strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized and asserted it." *Moss v. State*, 10 S.W.3d 508, 514 (Mo. banc 2000) (quotation omitted).

The decision of whether and when to read the hammer instruction lies within the discretion of the trial court, and the court abuses that discretion only if the instruction coerces the jury's verdict. *State v. Campbell*, 147 S.W.3d 195, 202 (Mo.App. S.D.2004). A verdict is considered coerced when, under the totality of the circumstances, it appears that the trial court virtually directed that a verdict be reached and implied that it would hold the jury until it returned a verdict. *Id.* Urging the jury to reach a verdict by a certain

---

2. The hammer instruction provides:

You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

MAI–CR 3d 312.10.

time or telling the jury that it is required to reach a verdict is also deemed coercive. *Goudeau v. State*, 152 S.W.3d 411, 417 (Mo.App. S.D.2005).

 Our review of the trial record reveals that the trial court did not coerce the jury by giving it the hammer instruction. The jury deliberated from 2:35 p.m. until 5:40 p.m. on January 10, 2006. Deliberations resumed the next day at 9:00 a.m. At 9:58 a.m., the jury sent a note to the court, asking "How many votes do we have to take before we call it a hung jury?," to which the court replied that the jury had to be guided by its recollection of the evidence and instructions. The jury sent the court another note at 11:10 a.m. stating that it had taken five votes and remained deadlocked. The trial court brought the jury into the court at 11:30 and gave the hammer instruction. At 12:15 p.m., the jury read its verdict finding Movant guilty on both counts. Knowing that the jury is deadlocked does not preclude the trial court from reading the hammer instruction and requiring the jury to continue deliberations. *State v. Starks*, 820 S.W.2d 527, 529 (Mo.App. E.D.1991).

Movant failed to demonstrate that the trial court erred in giving the hammer instruction. The hammer instruction itself is not coercive, *State v. Parson*, 815 S.W.2d 106, 107 (Mo.App. E.D.1991), and the trial court in no way implied that it would hold the jury until it returned a verdict or urged the jury to return a verdict by a specified time.[3] Because Movant's claim that the trial court erred in giving the hammer instruction would not have required reversal had counsel raised it on appeal, Movant cannot establish that

she was prejudiced by appellate counsel's alleged error. Movant's second point is denied.

### *Conclusion*

The judgment of the motion court is affirmed in part and remanded in part for an evidentiary hearing.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.

---

3. We also note that the jury deliberated for approximately five hours before receiving the hammer instruction, and it deliberated for another 35 minutes after the hammer instruction. Missouri courts have held that a deliberation period after a hammer instruction of as short as 30 minutes does not indicate that a verdict was coerced. *See e.g., State v. Dodd,* 10 S.W.3d 546, 553 (Mo.App. W.D.1999).