Ernest MOORE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98643.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 3, 2013.

Timothy Forneris, St. Louis, MO, for appellant.

Chris Koster, Karen L. Kramer, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

## Introduction

Ernest Moore (Movant) appeals from the motion court's judgment denying his Missouri Rule of Criminal Procedure 29.15[1] motion for post-conviction relief after an evidentiary hearing. Movant claims his counsel was ineffective for failing to strike two venirepersons, to advise Movant that the pre-trial plea offer would expire, and to request an instruction. We affirm.

## Factual and Procedural Background

Movant was charged by Information as a prior and persistent offender with one count of the class D felony of driving while revoked (Count I). The charge was later amended by Indictment to add one count of the class C felony of possession of a controlled substance (Count II). After a jury trial, he was convicted only of driving while revoked, for which he received a sentence of five years' imprisonment in the Missouri Department of Corrections. His conviction and sentence were affirmed on appeal. *State v. Moore,* 341 S.W.3d 182 (Mo.App. E.D.2011).

The evidence at the 2010 jury trial showed the following. On June 20, 2008, Deputy Kegley of the St. Charles County Sheriff's Department went to Sun Valley Lake Apartments, where Movant resided, to execute an arrest warrant for Movant. Movant was not at home, but as Deputy Kegley was leaving he saw Movant drive into the apartment complex via Sun Lake Drive. At trial, the State and defense counsel stipulated that at the time of the arrest, Movant was knowingly operating a vehicle with a revoked license on Sun Lake Drive, and the only issue was whether Sun Lake Drive was a highway.

Movant timely filed an amended 29.15 motion asserting, as relevant for this ap-

---

1. All rule references are to Mo. R.Crim. P.2013, unless otherwise indicated.

peal, that his trial counsel was ineffective for (1) withdrawing his motion to strike venireperson 9, Michael Weber (Weber), for cause after he demonstrated bias in favor of law enforcement; (2) failing to move to strike venireperson 15, Gregory Lamm (Lamm), for cause after he stated he had an absolute conflict the following day and had a bias against Movant's presumption of innocence; (3) failing to inform Movant that the State's pre-trial plea deal could expire; and (4) failing to request MAI–CR 3d 308.14, which would have instructed the jury on Movant's right not to testify. The motion court granted an evidentiary hearing on the amended motion.

At the evidentiary hearing, Louis Horwitz (Horwitz) and Richard Schiebe (Schiebe), Movant's two former attorneys through the public defender's office, and Christopher Klaverkamp (Klaverkamp), Movant's trial counsel, testified. Movant testified via telephonic deposition. To avoid repetition, we recite the facts as they relate to the issues on appeal. The motion court denied Movant's Rule 29.15 motion. This appeal follows.

### Standard of Review

Appellate review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). We defer to the motion court's greater ability to judge the credibility of witnesses. *Bradley v. State*, 292 S.W.3d 561, 566 (Mo.App. E.D.2009).

### Discussion

On appeal, Movant challenges the motion court's denial of his four claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, defendant must establish by a preponderance of the evidence: (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced defendant. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. *Anderson*, 196 S.W.3d at 33; *see also Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). A movant must satisfy both prongs of this test, and should the movant fail to establish either the performance or prejudice prong, we need not consider the other. *Smith v. State*, 276 S.W.3d 314, 317 (Mo.App. E.D.2008).

### Points I & II

In his first and second points on appeal, Movant contends the motion court erred in denying his Rule 29.15 motion, because Klaverkamp was ineffective for withdrawing a motion to strike venireperson Weber for cause and failing to move to strike venireperson Lamm for cause. Because both points address a failure to strike venirepersons, we address them together and find both points to be without merit.

A defendant is entitled to a fair and impartial jury. *James v. State*, 222 S.W.3d 302, 305 (Mo.App. W.D.2007). Each venireperson must be able to serve on the jury with an open mind, free from bias and prejudice. *Id.* If a venireperson suggests he or she cannot be fair and impartial, then he or she must be stricken from the jury, "unless, upon further ques-

tioning he or she is rehabilitated by giving unequivocal assurances of impartiality." *Id.* at 306. A venireperson's response will be considered in the context of the entire examination. *Middleton v. State*, 103 S.W.3d 726, 734 (Mo. banc 2003). To succeed in his motion for post-conviction relief, Movant must prove actual bias on the part of the venireperson. *Byrd v. State*, 329 S.W.3d 718, 724 (Mo.App. S.D.2010).

### A. Weber

Here, venireperson Weber stated, "I think I would give a little bit more credibility to law enforcement," noting that people in law enforcement are under more scrutiny than private citizens. He stated he "would objectively hear both sides" but noted, "if there was a conflict and I had to decide between the two, then yes, I would give more credibility to law enforcement." Klaverkamp asked if this preference would be regardless of the facts. Weber responded, "No. Not regardless of the facts. We're talking in general. So it depends. It's totally circumstantial. And I think I could objectively discern, you know, depending on the evidence presented and give both a fair hearing."

Klaverkamp at first moved to strike Weber for cause, but the State objected, stating Weber had "certainly indicated that he could be fair and impartial. He said not regardless of the facts and that he would listen to both sides." The trial court agreed that Weber had stated he could "do a fair hearing and [ ] be objective." Klaverkamp withdrew his motion to strike before the court ruled on it, and Weber served on the jury.

At the evidentiary hearing on Movant's Rule 29.15 motion, Klaverkamp testified that he believed Weber had rehabilitated himself and thus he withdrew his strike as part of his trial strategy. The motion court found that Klaverkamp "made a rea-sonable trial decision" to withdraw his strike "when it seemed apparent the Court would likely deny the request." Most importantly, the motion court also found Movant was not prejudiced because Movant had stipulated that he was operating the vehicle with a revoked license, and thus the only issue before the jury was whether Sun Lake Drive was a highway, which did not involve the issue of law-enforcement credibility. In fact, the motion court noted that on the drug-posses-sion charge, which did involve law-enforce-ment credibility, the jury did not find Movant guilty.

Whether or not Weber's statements were sufficient to unequivocally rehabilitate him, we agree with the trial court that Movant here failed to show he was prejudiced by Klaverkamp's withdrawal of the motion to strike for cause. *See Smith*, 276 S.W.3d at 317 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred). Movant argues Weber's statement that he would give more credibility to a law-enforcement witness than a lay-person witness demonstrates Weber could not be a fair and impartial juror. The record, however, does not show the outcome would have been any different without Weber on the jury. *See Anderson*, 196 S.W.3d at 33; *Harris v. State*, 400 S.W.3d 896, 898 (Mo. App. E.D.2013).

At the criminal trial, Deputy Kegley testified Sun Lake Drive connected two public streets and anyone could drive through the apartment complex on it. The Sun Valley Lake Apartments manager testified that although Sun Lake Drive was marked as private property and non-residents were not permitted to use it, the general public had used the road in the past to cut through the apartment complex and as a result he had had to call the police to

enforce parking and driving restrictions. *See Covert v. Fisher*, 151 S.W.3d 70, 75–76 (Mo.App. E.D.2004) (term "highway" was intended to include all roadways traveled by public, regardless of their denomination as public or private).

Because the law-enforcement witness and the lay-person witness both testified that Sun Lake Drive was used by the public, even though it was marked private, Weber's stated inclination to assign more credibility to the law-enforcement witness was not determinative. Moreover, the only issue at trial that strictly turned on law-enforcement credibility was the second count of whether Movant possessed drugs, and on that count the jury found Movant not guilty. Thus, Movant's claim is without merit. *See Winfield v. State*, 93 S.W.3d 732, 737 (Mo. banc 2002) (Rule 29.15 claim was without merit when movant failed to show prejudice from counsel's alleged error). The motion court did not clearly err in denying his Rule 29.15 motion. Rule 29.15(k); *Anderson*, 196 S.W.3d at 33.

### B. Lamm

During voir dire, Klaverkamp asked the jury if they believed that because Movant was on trial, he must have done something illegal. Venireperson Lamm stated the fact that it had been two years since Movant was charged and his attorney had not gotten him out of it would be in the back of his mind. However, he also stated he would be "open to listen." Lamm also informed the court that he had an absolute conflict the next day. Klaverkamp did not move to strike Lamm and Lamm served on the jury.

At the evidentiary hearing on Movant's Rule 29.15 motion, Klaverkamp testified he did not strike Lamm although Lamm said he had an absolute conflict the next day, because Kiaverkamp expected the trial to last only one day. Klaverkamp further testified he could not remember if had ever considered striking Lamm for cause or whether he had a strategic reason for not striking Lamm. The motion court noted that in addition to Lamm's specific statement that he would listen to the evidence, Lamm also indicated at the start of voir dire he would follow the court's instructions.

Movant failed to demonstrate prejudice by showing a reasonable probability that but for counsel's alleged errors the outcome of the trial would have been different. *Anderson*, 196 S.W.3d at 33; *Harris*, 400 S.W.3d at 898. Movant here failed to show that Lamm was actually biased against him. *See Byrd*, 329 S.W.3d at 724. Rather, the fact that the jury, including Lamm, found Movant innocent of one of the charges against him indicates the jury was not biased against him, but was in fact able to listen to and fairly weigh all the evidence. We again note that on Count I, Movant admitted that he was driving on a revoked license, and the narrow issue before the jury was solely the technical one of whether Sun Lake Drive was a highway. In essence, Movant, after admitting to driving while revoked, was trying to avoid application of this law based on the technicality that Sun Lake Drive was a private road rather than a highway. Moreover, Movant was not prejudiced by Klaverkamp's failure to move to strike Lamm due to his conflict the following day, because the trial lasted only one day, and there was no evidence that the deliberations went excessively late or that there was any problem with the length or timing of the jury's deliberations.

Without prejudice, we see no clear error in the motion court's denial of Movant's Rule 29.15 motion. Rule 29.15(k); *Anderson*, 196 S.W.3d at 33; *see also Smith*, 276 S.W.3d at 317 (should movant

fail to establish either performance or prejudice prong, we need not consider whether other occurred).

Points denied.

## Point III

In his third point on appeal, Movant argues the motion court erred in denying post-conviction relief because his various trial attorneys were ineffective for failing to tell him the State's plea offer could expire and for not bringing him to court to plead guilty before trial. His argument is without merit.

 To show ineffective assistance of counsel from a lapsed plea offer, movants must demonstrate "a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. [Movants] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it." *Missouri v. Frye,* — U.S. ——, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012); *Ayres v. State,* 93 S.W.3d 827, 833–34 (Mo.App. E.D.2002). Missouri law permits the State to withdraw a plea offer at any point prior to its acceptance by the trial court, even if the offer was accepted by the defendant. *Frye v. State,* 392 S.W.3d 501, 506 (Mo. App. W.D.2013).

At the evidentiary hearing on Movant's motion for post-conviction relief, he testified by telephone deposition that when he was first charged, the State offered him a plea deal for two years' imprisonment on the driving-while-revoked charge as a prior and persistent offender in exchange for waiving his preliminary hearing. He agreed to the plea and waived the preliminary hearing; however, although he wanted to plead guilty, no one would take him to court. He had a plea hearing set for July 17, 2009, but it did not take place. Movant agreed that by June 2009 he had a second case pending for assault on a law enforcement officer, among other charges (assault case), and that in his driving-while-revoked case, the State later added a drug-possession charge. He further agreed the State had offered him a plea deal on both cases together, but Movant stated he would not plead guilty to the assault case. Rather, he wanted to plead guilty only to the original two-year offer on the driving-while-revoked charge. However, Movant agreed also that he wrote Klaverkamp a letter instructing him to conduct additional investigation on the driving-while-revoked case.

At the evidentiary hearing, Horwitz, Scheibe, and Klaverkamp, testified to the following. The State had offered a two-year plea deal on the driving-while-revoked case in May 2009. However, in June 2009 Movant was also charged with the assault case. It was the State's policy to resolve all pending cases against a defendant in one plea-deal package, rather than by piecemeal deals on each charge. Movant had to plead guilty in both cases or go to trial on both cases, and Movant was not willing to plead guilty to the assault case. Although Scheibe did not specifically recall informing Movant that the State's plea offer was an all-or-nothing offer on all charges, he was "confident" he informed Movant of this. In addition, Klaverkamp testified that Movant was never adamant that he wanted to plead guilty in the driving-while-revoked case. Rather, Movant requested that Klaverkamp do further investigation and indicated he wanted to go to trial.

The motion court found Movant's testimony that he wanted to plead guilty was not credible; rather, it found the evidence showed Movant was not willing to plead guilty. The court noted Movant made no request to plead guilty at the start of trial.

Moreover, the motion court found that the State's policy is to dispose of all of a defendant's cases at the same time, and Movant refused the joint plea deal.

■ Movant here failed to demonstrate either that he would have accepted the joint plea offer or that the plea would have been entered without the State canceling it. *See Frye,* 132 S.Ct. at 1409; *Ayres,* 93 S.W.3d at 833. Although Movant stated he wanted to plead guilty to driving while revoked, Klaverkamp testified Movant indicated he wanted to go to trial. Klaverkamp's testimony is supported by the letter Movant wrote to Klaverkamp wanting additional investigation of the driving-while-revoked charge. The motion court determined the evidence that Movant rejected the plea offer was more credible than Movant's testimony he wanted to accept the plea, and we defer to the trial court's credibility determinations. *Bradley,* 292 S.W.3d at 566.

■ Moreover, the evidence showed that while the State may have initially offered a two-year plea deal on the driving-while-revoked charge, its plea offer was replaced with an all-or-nothing plea deal on several unrelated charges. Movant agreed that he refused to plead guilty to the charge of assault on a law enforcement officer, and pleading guilty to only the charge of driving while revoked was not an option. Thus, the evidence showed Movant was not willing to plead guilty to the State's offer.

Movant could not show he would have accepted the plea offer had he had effective counsel; therefore, he was not prejudiced by Klaverkamp's, or the earlier attorneys', failure to inform him the plea offer could expire. *See Frye,* 132 S.Ct. at 1409; *Ayres,* 93 S.W.3d at 833. Thus, we see no clear error in the motion court's denial of Movant's Rule 29.15 motion. Rule 29.15(k); *Anderson,* 196 S.W.3d at

33; *see also Smith,* 276 S.W.3d at 317 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred).

Point denied.

*Point IV*

In his fourth point on appeal, Movant argues the motion court clearly erred in denying his motion for post-conviction relief, because Klaverkamp was ineffective for failing to request MAI–CR 3d 308.14, which would have instructed the jurors on Movant's right not to testify. We disagree.

■ MAI–CR 3d 308.14 instructs the jury that a defendant has the right not to testify and the jury may not draw an adverse inference of guilt from the defendant's decision. The MAI–CR 3d 308.14 instruction is optional, and Missouri courts have established that trial counsel's decision not to request the instruction can be a reasonable trial strategy. *Prince v. State,* 390 S.W.3d 225, 237 (Mo.App. W.D.2013) (citing *Christeson v. State,* 131 S.W.3d 796, 800–01 (Mo. banc 2004)). It is reasonable for counsel to not give the instruction when the instruction itself would draw attention to a defendant's failure to testify. *Knese v. State,* 85 S.W.3d 628, 634 (Mo. banc 2002). "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Prince,* 390 S.W.3d at 237 (citation omitted).

Movant did not testify at trial, and Klaverkamp did not instruct the jury not to draw an adverse inference from this decision. Klaverkamp testified at the evidentiary hearing that he considered giving the no-adverse-inference instruction but did not as a matter of trial strategy. His strategy at trial was to argue Sun Lake Drive was not a public thoroughfare, and

this strategy did not require Movant's testimony. Because Movant's testimony was not necessary, Klaverkamp did not want to highlight the decision not to testify by giving the instruction.

■■■■ Klaverkamp's stated trial strategy not to give the MAI–CR 3d 308.14 was objectively reasonable, and thus does not constitute ineffective assistance of counsel. *See Knese*, 85 S.W.3d at 634; *Prince*, 390 S.W.3d at 237. A reasonable trial strategy, even if ineffective in hindsight, will not provide the basis for a claim of ineffective assistance of counsel. *See Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). Movant has failed to demonstrate deficient performance, and thus his claim of ineffective assistance of counsel is without merit. We see no clear error in the motion court's denial of Movant's Rule 29.15 motion. Rule 29.15(k); *Anderson*, 196 S.W.3d at 33; *see also Smith*, 276 S.W.3d at 317 (should movant fail to establish either performance or prejudice prong, we need not consider whether other occurred).

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

ROBERT M. CLAYTON III, C.J., and MICHAEL K. MULLEN, S.J., concur.