

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| JONATHAN JOYNER, | ) | No. ED99869 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Margaret M. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | February 25, 2014 |

Jonathan Joyner ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because his appellate counsel was ineffective for failing to raise, on direct appeal, the preserved claim that the trial court erred in failing to strike venire member Sean Lynch for cause. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

Movant was convicted of one count of first-degree murder, Section 565.020, RSMo 2000,[1] one count of first-degree assault, Section 565.050, and two counts of armed criminal action, Section 571.015. Movant was sentenced to life in prison without the possibility of parole for the murder, and concurrent terms of tens years each for the other counts. Movant's convictions were affirmed on direct appeal. State v. Joyner, 373 S.W.3d 25 (Mo. App. E.D. 2012).

---

[1] All further statutory references are to RSMo 2000 unless otherwise indicated.

Movant subsequently filed a *pro se* Rule 29.15 motion for post-conviction relief. The motion court appointed counsel, and an amended motion was filed. Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because his appellate counsel was ineffective for failing to raise, on direct appeal, the preserved claim that the trial court erred in failing to strike Mr. Lynch for cause.

The motion court denied Movant's request for an evidentiary hearing and entered findings of fact and conclusions of law. The motion court concluded Movant's claim was without merit because his convictions could not have been reversed where the allegedly unqualified panel member did not serve on the jury. Thus, the motion court denied Movant's motion for post-conviction relief. This appeal follows.

Our review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); <u>Moore v. State</u>, 407 S.W.3d 172, 175 (Mo. App. E.D. 2013). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. <u>Id</u>.

To prevail on a claim of ineffective assistance of counsel, a movant must establish by a preponderance of the evidence: (1) that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced defendant. <u>Id</u>. We presume counsel's conduct was reasonable and effective and that any challenged action was part of counsel's reasonable trial strategy. <u>Id</u>. A movant must satisfy both prongs of this test, and should the movant fail to establish either the performance or prejudice prong, we need not consider the other. <u>Id</u>.

Pursuant to Rule 29.15, an evidentiary hearing is not required "[i]f the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]" Rule 29.15(h). Accordingly, the motion court is only required to grant an evidentiary hearing on a Rule 29.15 motion for post-conviction relief if the movant satisfies three requirements: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Greer v. State, 406 S.W.3d 100, 104 (Mo. App. E.D. 2013).

In his sole point, Movant asserts the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because his appellate counsel was ineffective for failing to raise, on direct appeal, the preserved claim that the trial court erred in failing to strike Mr. Lynch for cause. We disagree.

During voir dire, Mr. Lynch stated he was good friends with Matt Waltz from the office of the public defender, who was not the public defender handling Movant's case. Further, Mr. Lynch stated there was nothing about knowing Mr. Waltz that would come into play at all in the case and he would have no apprehension in telling Mr. Waltz if he found someone guilty.

Later in voir dire, Mr. Lynch also stated he was a chiropractor and had multiple St. Louis police officers as patients and he also had an uncle who was a police officer in Overland Park. Mr. Lynch also stated his daughter went to school with the daughter of Assistant Circuit Attorney Christine Krug, and he knew Christine Krug socially. However, Mr. Lynch also stated those relationships would not affect how he would listen to evidence.

Subsequently, Movant's trial counsel moved to strike Mr. Lynch for cause because he knew "a bunch of police officers and Ms. Krug as well." The State responded that Mr. Lynch also knew Mr. Waltz from the office of the public defender.

The trial court denied the motion to strike Mr. Lynch. Movant's trial counsel later used a peremptory strike to strike Mr. Lynch so he did not sit on the jury.

Movant argued in his Rule 29.15 motion that had the denial of the strike for cause been challenged on appeal, the appellate court would have found Movant's reasons for striking Mr. Lynch were valid and would have remanded the case for a new trial. Movant contends the effect of denying the strike of Mr. Lynch for cause was the equivalent of giving the State more peremptory strikes than Movant when Movant was entitled to a "full panel" of qualified venirepersons prior to the exercise of peremptory challenges.

Section 494.470 permits challenges to potential jurors for cause. However, the qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant. Section 494.480.4. The defense's challenge to a prospective juror's qualifications during voir dire may constitute grounds for the granting of a new trial or the reversal of a conviction only when the prospective juror actually serves on the jury and participates in the verdict rendered against the defendant. State v. Jamison, 365 S.W.3d 623, 627 (Mo. App. E.D. 2012). Missouri law is clear that a conviction cannot be challenged based on the trial court's failure to strike for cause a prospective juror if that prospective juror was removed by a peremptory challenge. Id. There is no constitutional violation when the jury actually seated is composed of qualified and impartial jurors. Id.

4

Because Mr. Lynch did not actually sit on Movant's jury panel or participate in the verdict, Movant cannot challenge the trial court's denial of his motion to strike on appeal. Moreover, Movant's appellate counsel cannot be deemed ineffective for failing to raise a nonmeritorious claim. Howell v. State, 357 S.W.3d 236, 249 (Mo. App. W.D. 2012).

Therefore, we find the motion court did not clearly err in denying his Rule 29.15 motion for post-conviction relief. Point denied.

The motion court's denial of Movant's Rule 29.15 motion for post-conviction relief is affirmed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P. J. and
Sherri B. Sullivan, J., concur.