

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,                    )
                                               )

     Plaintiff-Respondent,            )

                                               )

vs.                                   )          No. SD32984

                                               )

JEFF HEMPHILL,                        )          **Filed:  October 31, 2014**

                                               )

     Defendant-Appellant.             )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Circuit Judge

**<u>AFFIRMED</u>**

Jeff Hemphill ("Appellant") claims trial court error in failing to strike a venire member for cause even though the venireman did not sit on the jury.  Although Missouri law is clear that "[t]here is no constitutional violation when the jury actually seated is composed of qualified and impartial jurors," *Joyner v. State*, 421 S.W.3d 580, 582 (Mo.App. E.D. 2014), Appellant contends that section 494.480.4,[1] which partially codifies this principle, is an unconstitutional exercise of judicial power by the legislature. We find no trial court error and affirm the judgment.

---

[1] All references to statutes are to RSMo 2000, unless otherwise specified.

1

Appellant's reliance on a challenge to section 494.480.4 is meritless under the facts of this case. The relevant portion of the subsection provides:

> The qualifications of a juror *on the panel from which peremptory challenges by the defense are made* shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

Section 494.480.4 (emphasis added). The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence "unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant." *Joyner*, 421 S.W.3d at 582. The venireman at issue was not in the panel from which peremptory challenges by Appellant were made.

The challenged venireman was numbered 43; the State only used one peremptory challenge, thus lowering the number to 37 from which Appellant had to choose his peremptory challenges. The court offered to make the remaining members of the pool, which would have included the complained of venireman, available for the alternate pool but both the prosecutor and Appellant rejected that offer. Therefore, Appellant never had to use a peremptory challenge on the venireman and the venireman did not sit on the jury. The end result is as if the complained of venireman was not even in the venire panel, Appellant cannot complain of a constitutional violation by a statute that does not apply to the situation. The point is denied.

The judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author
Gary W. Lynch, J. - Concurs
Mary W. Sheffield, P.J. - Concurs