

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| CHRISTOPHER R. SOKOLIC, JR., | ) | No. ED112533 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 22JE-CC00244 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joseph A. Rathert |
| | ) | |
| Respondent. | ) | Filed: April 8, 2025 |

### Introduction

Christopher R. Sokolic, Jr. (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief under Rule 29.15[1] after an evidentiary hearing. We affirm.

### Factual and Procedural Background

A jury convicted Movant of one count of the class A felony of first-degree murder, and the trial court sentenced him to life in prison without the possibility of parole. At trial, the State presented facts establishing that the victim (Victim) was driving with Movant and a third person (Witness) to Movant's grandfather's house, when Movant asked Victim to pull the vehicle behind a barn so Movant could get something out of the trunk. As the vehicle pulled behind the barn, Movant reached over from the front passenger side and

---

[1] All rule references are to Mo. R. Crim. P. 2022, unless otherwise indicated.

stabbed Victim multiple times. Movant then exited the vehicle and walked around to driver's side, where he resumed stabbing Victim, for a total of 27 times. The State also established that, earlier in the day, Movant had made statements to Witness that he was going to be on the six o'clock news that night, he would not be available after that day, and he was enjoying activities "one last" time. This Court affirmed Movant's conviction and sentence on appeal. State v. Sokolic, 660 S.W.3d 54 (Mo. App. E.D. 2023).

Movant filed a timely Rule 29.15 motion. The motion court appointed counsel, who filed a timely amended motion. In the amended motion, Movant asserted that his trial counsel was ineffective for failing to argue the defense of imperfect self-defense.

The motion court granted an evidentiary hearing, at which Movant testified to the following. At the time of the murder, he had recently ingested methamphetamines, which made him paranoid and delusional. When he asked Victim to pull over so he could get something out of the trunk, Victim stated "you won't need anything out of the trunk" and made a sudden movement with his hand. Movant believed he saw a knife in Victim's hand, causing Movant to fear for his life, and this belief is what caused Movant to attack Victim, grabbing a knife from the cupholder and stabbing Victim to death. Movant testified he told his trial counsel he believed both that he saw Victim holding a knife and that Victim was about to stab him. Nevertheless, Movant's trial counsel did not inform Movant about the defense of imperfect self-defense and did not advise Movant that, in order to claim imperfect self-defense, he would have to testify at trial. Instead, trial counsel advised Movant not to testify.

On cross-examination, Movant agreed that Victim did not threaten him or brandish a knife at him before Movant stabbed him. Movant clarified that after he got out of the

2

vehicle and walked around it, the driver's side door opened and he heard Victim threaten to kill him, so he stabbed Victim again.  However, Movant agreed that Witness had testified at trial that, by the time Movant exited the vehicle, Victim was already slumped over the steering wheel with stab wounds in his neck.

Trial counsel also testified at the hearing to the following.  The theory of defense at trial was that the murder was not premeditated and thus was not first-degree murder. Trial counsel advised Movant not to testify at trial because the prosecutor would subject him to a damaging cross-examination, and another witness had already stated what they needed for the lack-of-premeditation defense.  Trial counsel stated, however, he always told clients it was their choice whether or not to testify.  While they were preparing for trial, Movant did not inform trial counsel he thought he saw Victim holding a knife, and Movant did not assert to trial counsel he had acted in self-defense.

On cross-examination, trial counsel testified he did not believe a defense of self-defense would have been successful because the facts of the case did not indicate self-defense, in that Victim was unarmed, and Witness, who was also in the vehicle, did not testify to any provocation or aggression by Victim.  Further, trial counsel believed that Movant's text message to Witness earlier stating he would be on the six o'clock news was not consistent with self-defense.

The motion court denied Movant's request for relief under Rule 29.15.  The motion court found trial counsel's testimony that Movant did not report he saw Victim holding a knife was more credible than Movant's contrary testimony.

Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. McNeal v. State, 500 S.W.3d 841, 844 (Mo. banc 2016).

For post-conviction relief based on a claim of ineffective assistance of counsel, a movant must demonstrate both deficient performance by counsel and prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); McFadden v. State, 619 S.W.3d 434, 445 (Mo. banc 2020). Deficient performance is measured in terms of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688. We presume that counsel acted professionally and that any challenged action was part of counsel's reasonable trial strategy, and a movant must prove otherwise by a preponderance of the evidence. Joyner v. State, 421 S.W.3d 580, 581 (Mo. App. E.D. 2014). To meet the prejudice prong, the movant must establish there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In reviewing a claim for ineffective assistance of counsel, appellate courts are not required to examine both prongs: if a movant fails to satisfy the prejudice prong, we need not consider the performance prong, and vice versa. Sanders-Ford v. State, 597 S.W.3d 816, 819 (Mo. App. S.D. 2020).

<u>Discussion</u>

Movant raises two points on appeal. In his first point, he argues the motion court erred in denying the claim raised in his Rule 29.15 motion that trial counsel provided

4

ineffective assistance by failing to argue the defense of imperfect self-defense, resulting in prejudice, because, if he had argued this defense, there was a reasonable probability Movant would have been convicted of a lesser offense. In his second point, he similarly argues the motion court erred in denying the claim in his Rule 29.15 motion that his trial counsel was ineffective for failing to advise him he would have to testify in order to raise the defense of imperfect self-defense. Our decision on Point I is dispositive.

The defense of imperfect self-defense applies when a defendant intentionally uses deadly force on the genuine belief that he or she is in imminent danger, but that belief, though honest, is unreasonable under the circumstances. See Middleton v. McNeal, 541 U.S. 433, 434 (2004); State v. Beeler, 12 S.W.3d 294, 298 (Mo. banc 2000). This defense, while not a complete defense, allows a defendant in a homicide trial to submit an instruction for the lesser-included offense of involuntary manslaughter. See Middleton, 541 U.S. at 434; Beeler, 12 S.W.3d at 300.

At the evidentiary hearing, trial counsel testified that the defense strategy was to acknowledge Movant committed the offense but to argue the murder was second-degree, rather than first-degree, because it was not premeditated. Trial counsel agreed he did not pursue a defense of imperfect self-defense in part because Movant did not assert prior to trial that he acted in self-defense or that he thought he saw Victim holding a knife. Although Movant testified to the contrary that he did inform trial counsel about his belief that he saw Victim holding a knife and his subsequent fear for his life, the motion court weighed Movant's and trial counsel's contradictory testimony and found trial counsel's to be more credible. On appeal, we defer to the motion court's determinations regarding witness credibility. Voss v. State, 570 S.W.3d 184, 196-97 (Mo. App. E.D. 2019) (motion

court is in better position to judge credibility of witnesses and is free to believe or disbelieve testimony of any witness given at evidentiary hearing, including movant's).

In determining whether a trial counsel's performance was deficient, we view the reasonableness of counsel's actions from counsel's perspective at the time and not with the benefit of hindsight. Gray v. State, 108 S.W.3d 83, 88 (Mo. App. S.D. 2003). What defenses or claims counsel raises at trial necessarily depends on what information the defendant has supplied his or her lawyer. See id. at 88-89.

Here, Movant did not inform counsel before trial of the facts he now asserts support a claim of imperfect self-defense: namely, that, due to a methamphetamine-induced hallucination, he thought he saw Victim holding a knife, and he genuinely feared for his life, causing him to defend himself with deadly force. Other than Movant's assertions, nothing in the record independently suggests self-defense, such that trial counsel should have known to raise this defense. Rather, the evidence showed that Victim was unarmed; Witness did not testify that Victim was aggressive towards Movant; and Movant paused his attack to exit the vehicle and walk around to the driver's side where he resumed stabbing Victim, although Witness testified that, at this point, Victim was already slumped over the steering wheel.

Under these circumstances, trial counsel's decision not to pursue a defense of imperfect self-defense was reasonable. See Gray, 108 S.W.3d at 88-89 (counsel was not ineffective for failing to investigate claim of self-defense when defendant did not allege he was acting in self-defense and record did not indicate such). Instead, trial counsel pursued a trial strategy of challenging the element of premeditation, and, as a general rule, trial counsel is not ineffective for pursuing one reasonable trial strategy to the exclusion of

6

another.  <u>See</u> <u>Shockley v. State</u>, 579 S.W.3d 881, 896 (Mo. banc 2019).  Trial counsel here was not ineffective for failing to pursue a defense of imperfect self-defense.

Because trial counsel was not ineffective for failing to pursue this defense, there was likewise no error in trial counsel's failure to advise Movant that he would have to testify in order to inject this defense.  The motion court did not clearly err in denying Movant's amended motion for post-conviction relief under Rule 29.15.

Points I and II are denied.

<u>Conclusion</u>

The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., J.

Philip M. Hess, P.J., and
Michael S. Wright, J., concur.